8-9 Hayden v. Air Force 8-9 Hayden Good morning, your honors. Stephen Smith for the petitioner Carl D. Hayden.  Make no mistake, the Air Force discriminated against Mr. Hayden when it canceled his position upgrade request in 2012 while he was serving his country in the Air Force. But that's not the issue before us, correct? Agreed, your honor. Because of that discrimination, the burden then shifted back to the Air Force to prove that it would have canceled his position upgrade for valid reasons standing alone. But that's not what happened here. The decision to cancel Mr. Hayden's position upgrade... Listen, I don't know if there's any dispute. Is it canceling the upgrade or not proceeding with the upgrade? Was there an official cancellation? Because this hadn't gone through a proceeding yet, right? The upgrade was canceled, your honor. Okay. And that was not the result of a reasoned judgment by the Air Force. It was not the result of considering the composition of the protocol office or the position upgrade itself. But it was due to the fact that he was not available for military service. Yeah, but again, I understand the background of this case, but that's not the issue before us. What is the question before us? Respectfully, your honor, I think that's very important here because the MSPB and the Air Force are then left to recreate history, in effect, to create after-the-fact justifications and speculations and assumptions. Are you objecting to that? Isn't that what the law contemplates? Or are you kind of saying that, no, they can't, unless they did it beforehand, they can't do it hypothetically now? I believe that they have to show some evidence that the Air Force would have actually canceled his promotion for valid reasons. If there is no evidence in the record, as I submit as the case here, that they were actually in the process of considering his request, of comparing him to other individuals in the protocol office, or actually competing the position itself, the rest of this can't suffice to show that they would have taken the adverse action, only that there was the possibility that they may have taken the adverse action, which is not sufficient to meet their burden, your honor. Further, the MSPB's decision, in addition to relying on speculation and assumptions, makes several errors of law. The first being that Mr. Hayden was not, in fact, required to compete for the position upgrade. In order, first of all, Air Force Manual Rule 20 provides, and as does the appropriate OPM regulation, that Mr. Hayden was, in fact, eligible for a noncompetitive promotion. The MSPB determined that Mr. Hayden's promotion was governed under Rule 21, based on the fact that there was allegedly another GS-11 person in a similar or identical position. Maybe I'm misunderstanding and confusing this with another case. I thought on remand the question was whether or not this position, this upgrade, had to undergo a competitive kind of proceeding. It is, your honor. Is that the right answer? And the agency concluded that it did. Under Air Force Rule 21, that's correct, your honor. All right. So you are challenging the fact that what? You say that regulation does not allow for competitive examination? Two separate issues here, your honor. The first is that Mr. Hayden was entitled to a noncompetitive promotion under Air Force Manual Rule 20. Okay. So you're saying the government misconstrued, the Air Force misconstrued and they should not have authority or this was not the type of position that should have or may have been held competitively? Correct, your honor. And that even if it were assessed under Rule 21, that the subsidiary facts, one, that there was another individual in a similar or identical position, and secondly, that that individual could have been assigned those duties, is both was incorrect as a matter of law and not supported by substantial evidence. How so? The first being that she was in a separate flight test with separate duties. Is this second argument, does it rely on your interpretation of similar or identical positions requiring the same supervisor? It does on the legal side and I would also submit, your honor, that there was just no showing that that individual, even if they were in a similar or identical position. I'm sorry, I didn't understand. You're talking too fast. I apologize. Even if they were not in similar or identical positions? Even if they were. There is no showing or evidence that they actually could have been assigned those duties. What does that mean? How is an agency supposed to show that? Well, there are two ways, your honor. The first would be that the individual that was recommending Mr. Hayden for promotion could have actually assigned those duties to another GS-11 individual. That goes back around circularly to Judge Stoll's question about whether or not your position that it has to have the identical supervisor. In order to be in an identical or similar position, right? Oh, I must have misunderstood Judge Stoll's question. Yes, your honor, I would submit that they do in fact have to be under the same supervisor because that supervisor. Well, let's assume we don't agree with that. Certainly. So what are you left with? The second, your honor, under that prong would be that another individual actually has to have capacity to take on the additional duties that Mr. Hayden had taken on which led to his promotion being submitted. So you're saying there isn't substantial evidence that this was an employee who was similar or identical to whom the duties could be assigned? Correct. And you're focusing on that language, to whom the duties could be assigned. And you think that there isn't substantial evidence to support the board's finding on that? In fact, there's no evidence, your honor. The only record evidence on that point is the position upgrade request itself, which specifically contains a question about the capacity of other employees to perform Mr. Hayden's duties, and specifically in an affirmative way. Well, isn't there a lot? I mean, look at the AJ's opinion. It goes on for pages, unless starting at 8, appendix 17, 18, 19, at 20, they say, am I looking at the wrong thing? It says, given the record, it is clear that the surplus employee, God, that's a weird terminology to call somebody a surplus employee, but was already a GS-12 protocol specialist in March 2012 and would have been fairly qualified for a funded vacancy if one existed. Are you saying that there's no substantial evidence to support that, or am I looking at the wrong thing? That evidence goes to whether Mr. Hayden would have won the alleged competition, your honor. Uh-huh. That was not cited and does not suffice to show that someone was available to take on Mr. Hayden's duties. In fact, the position upgrade request itself specifically indicates that there were not enough personnel to take on Mr. Hayden's work, additional work. Your point is that when you're looking at whether there's competition or not, they were looking at a GS-11 employee and the availability of GS-11 employees. The later question as to whether Mr. Hayden would have received the position if there had been competition, then that was talking about the qualities of this I think J-H in the opinion. Correct, your honor. Can I ask you about the remedy sought here or the relief? As I understand from the record, your client has already been promoted to a GS-12. That's correct, your honor. And that was done like a bunch of years ago, 2015. 2015. And I don't know what the, even if they had not discriminated against your client or whatever, it would have taken a little time for them to effectuate the promotion you were seeking here. So are we looking at the difference between two or three years, the difference in pay between a GS-11 and a GS-12? Is that the relief that's at stake here? Correct, your honor. In addition to interest and also attorney's fees at this point. Do you have a view of exactly when the clock would have started to run on his entitlement to a GS-12 position given this record? 30 days after he was recommended for promotion. I believe that the MSPB assumed that it would be completed within 30 days on remit. So he was, under this record, he was recommended for promotion and then he left on reserve duty. And so he couldn't, he wasn't available to undergo the interview. That is correct, your honor. Okay. And then the position was canceled upon his return. They canceled the promotion and elected not to seek it. And then several years later, Mr. Hayden became eligible for the promotion to a GS-12 position in 2015. He retains that position today. Was that a non-competitive, when you say he became eligible, was that a non-competitive basis or was that another competitive promotion? I believe it was a non-competitive promotion, your honor, but that was not under Air Force Manual Rule 20 or 21. That is an issue in this case. I believe an individual left, another GS-12 position left the Air Force, which allowed Mr. Hayden to assume that position under a separate rule. I'd also like to point out, your honor, turning now to the second prong about whether Mr. Hayden would have won any alleged competition. An important aspect here is that the Air Force and the MSPB merely assume that the GS-12 surplus employee would have been considered best or fully qualified under the Air Force Manual. That is not a de minimis requirement. In fact, the Air Force Manual at several points sets out that even someone who's considered well qualified may not, in fact, be deemed best or fully qualified. So is this a substantial evidence question? Yes, your honor, in that there was no evidence that the individual was, in fact, best or fully qualified under the Air Force Manual. And further, there is. Are you saying that nobody testified to that effect? That is precisely what I'm indicating, your honor. In fact, in numerous places the testimony specifically indicates that J.H. only would have been entitled to the position should she be best or fully qualified, and there's just so simply no evidence on that point. The MSPB seems to make that assumption just on the fact that she was a GS-12, but as I indicated. And performing those duties. Well, she was a surplus employee, so she was not at that time performing those duties. I thought there was some special status for these surplus employees, so they didn't have to be, assuming it's a competition, that they don't have to be the best. They still must be best or fully qualified under the Air Force Manual. Yeah, or fully qualified. They don't have to be the best. They have to be fully qualified. And that was the finding of the judge here, right? That fully, your honor, I would submit that they did not make any such finding. They just simply assumed that she was qualified. And, in fact, as I'm trying to convey, that best or fully qualified moniker is not just a de minimis requirement. It's actually, and there's language to this effect in the Air Force Manual, that even if you're best or fully, excuse me, even if you're well qualified, you're not best or fully qualified pursuant to the Air Force Manual. So it is not something that can just be substantiated based on the fact that she was a surplus employee. There had to be separate evidence in the showing that she was, in fact, best or fully qualified per the Air Force Manual. And did you think that the board correctly defined that? At page appendix 17 where they say, best or fully qualified candidates are defined as possessing the knowledge, skills, and abilities to satisfactorily perform the duties of the position without undue interruption to the gaining organization. I am not challenging that definition, your honor. I would also suggest that the MSPB simply assumes that Ms. Hayden would have actually taken the position if offered. There is no evidence to that effect. And in fact, the MSPB tasked Mr. Hayden to put forth evidence that she would not have accepted the position. But they did address this, right? I mean, the board does address that issue and points out that as a surplus employee, she would have had great inclination to take the position or she might have been let go. She may have suffered adverse action, but there is no evidence that that actually would have occurred here. What is the burden of proof that the government had? Is it clear and convincing evidence? What is it? No, it's a preponderance of the evidence, your honor. One, you're willing to hear about it. Why don't we hear from the other side? Thank you. May it please the court. The Air Force was required to show on remand, whether competition was required for Mr. Hayden to receive his upgrade to a GS 12 position and whether he would have been successful of doing so. The board correctly found that the Air Force showed by preponderance of the evidence, both that competition would have been triggered under rule 21 of the Air Force manual and that surplus employee JH would have received the position. Okay. I'm the first point that it would have. Don't aren't the regulations we're talking about. Don't they say may, don't they give the Air Force discretion? Yes, your honor. It is entirely discretionary to get up and say, hypothetically, if I were presented with this circumstance, I would have exercised my discretion to do this. What the Air Force was required to show. And again, this is five years after the fact. So what a petitioner's council asks the burden to be on the Air Force is to show the impossible, which is something that did definitely happen. That only could have happened with the Air Force showed through preponderant evidence was that in these circumstances, this is what would have been recommended, which is competition would have been required. Did you put on evidence about comparable circumstances in which this thing happens? I don't know how, what frequency this occurs, but where a person is recommended for upgrade and you do competition. I mean, was the file before the AJ replete with examples of similar circumstances? I don't believe that there's any similar circumstance in this precise circumstance. There was testimony before the administrative judge regarding whether upgrades had been canceled similar to Mr. Hayden's position, but I don't believe there was the result. What was the evidence in that regard? Very rarely did it happen. But because the, this court has already had already determined that Mr. Hayden met his prima facie showing that, that the cancellation was due to his military service. The question wasn't whether the Air Force did in fact cancel the upgrade because of Mr. Hayden's military service is if they had proceeded further again, within that approximately 30 day period, what would have happened? And what the substantial evidence shows is that there were, there was at least one other employee in a GS 11 protocol specialist position who was, if you look at page appendix 682, it's in an exactly parallel track to Mr. Hayden. And they report to different first level supervisors, but the same second level supervisor end up. And as the staffing specialists testified at before the board, the, that would have been sufficient to trigger competition. And it, and as, as you correctly note, judge pros, because this is permissive, the Air Force could have determined anyways, even if rule 21 was not triggered or, and, and this was a potential non-competitive upgrade under rule 20, the Air Force could still have determined that principles of fairness required that competition be, well, you just use, I mean, the difficulty here is you're right. It's all hindsight introspection, but you use the word could, and that's troubling to me because I would think that under your, it's not clear and convincing evidence. It's just preponderance, but you have to make a showing that he would have, not that he could have. Do you agree with me about that? It's not that they had the, they had the discretion to do that. You need to have shown something more than he could have. Yes. And the Air Force definitely showed that. And, and the, the administrative judge took into account the testimony of four Air Force witnesses, all who testified that the position descriptions in, in order Ms. Perez, that the position descriptions of the A and B wing GS 11 protocol specialists were basically the same that Ms. Curell, the director of protocol or Mr. Hayden's third level supervisor, who stated that the A and B wing protocol specialists, GS 11s were capable of performing work across flights. That work was sometime assigned across flights and that those position descriptions, again, were essentially the same. Ms. Estes, who testified that if employees were in the same two letter organization and, and that was later defined as essentially the kernel and no one disputes that the A and B wings were in the same two letter organization, that if employees in that same two letter organization have the same grade title and job series, competition would have been required as well as Ms. Driscoll, that testified again, that A and B wings were in the same organization, that if the, if two employees have the same grade series and position description, then competition would have been required. All of this was the findings of the administrative judge. That's right. None of it went to the full board. This was the findings of the administrative judge. Yes. And there's no MSPB. There's no board review. Is that right? Correct. I believe that he appealed directly to the sport. And what is the reason for that? Or is it because of the, the lack of a quorum on the board or it's, it's very rare that we see appeals directly from an administrative judge. I do not know why, why petitioner chose to go straight here, perhaps because. Speculate. I mean, there is no board. So if he had decided he want, he could have gotten an appeal from the board, but that would mean that his case would be sitting there. We don't even know for how long. So it was, it's his choice to say, do I want to get, we can ask him about it, but my understanding is it's his choice to either wait it out for a board quorum, which is what's happening to thousands of cases currently, or the exception like your friend who decides, well, I'm not going to wait for the board. I'd rather just go up to the AJ. Is that fair? I would be speculating entirely, but I would, I would agree that wouldn't, but that was, that's his choice, not your choice. Correct. That's right. But there, there, I agree that we all understand and have been told that there has been no board now for a couple of years, but I have not seen a consistent pattern of the administrative judge given the authority for the final decisions that are assigned to the board. And, and I, I believe you don't know anything about that, but you're representing the boards, presumably the board's decision, but there is no board. Your honor. My understanding is that petitioner chose to, to go back because there is no board. Presumably it went back to the administrative judge and he went directly to this board. What's the authority of the administrative judge to act for the board? Well, the administrative judge is decision becomes final after 30 days, which is then presumed to be the board's decision. And that's just because it's impossible to appeal to an absent board. So you're saying it's as if there was a voluntary decision. Not to seek board review so that it automatically became final, but that's impossible here. There might've been an involuntary action. It may have been an involuntary action, your honor. I do not know why petitioner proceeded in the manner that, that he did or why it wasn't appealed to the board as, as you correctly stated, there is no quorum. And so this is the, the, clearly the most expeditious manner of getting a decision. But isn't it your understanding that the longstanding statutory provisions have always been the same. In other words, the petitioner has the ability to not appeal to the board, but to come straight to us. And the administrative judge, this opinion of it isn't appeal to the board becomes the final decision, which then gives us appellate review. Yes, your honor. Because the final decision of the board, but there is no board. No, but that's always been the case. I think that that's my understanding of the statute. We can ask the other side too. I've got a different question, which is on remand. I'm curious as to why you didn't introduce additional evidence regarding the amount of time typically required to approve an upgrade. Well, and that your honor is because the, if this would have proceeded in the normal course, 30 days would be, would be a reasonable timeframe, which is, which is something that petitioner asserts occurred when he was upgraded from a GS nine to a GS 11 and, and does not. I know that the administrative judge states that. I know there was no additional evidence was required because whatever that additional time would be the amount of time typically required, it would be more than 30 days or less than 30 days. I'm sorry. Could you please elaborate my understanding? And I don't know if it was from testimony in front of the board or, or in the agency's pre-hearing submissions, but that it agreed a 30 day time period would have been reasonable to process Mr. Hayden's request. And then it would not have taken more than 30 days. And because Mr. Hayden was satisfied with that, there, there was no attempt to introduce further evidence that it would have occurred more quickly or it would have taken longer. The other finding by, by the board, which, which again is correct, is it goes to the second prong, which is that Mr. Hayden would not have received this position due to the surplus employee JH. Now petitioner argues that the MSPB required or the administrative judge required that he put on evidence to show that JH would not have taken the position. That, that is not the requirement here. No, no, I'm not sure I understood his position. I thought he thought that it was your burden. I don't know that you dispute this, that you have to show it some level of certainty that she would have taken the position. And, and substantial evidence shows she would have taken the position because JH was a surplus employee. She had priority and, and there's no dispute over that because surplus employees are in non-appropriated positions. If they are, if there is a reduction in force, then the surplus employees will be removed more quickly than someone who is in a funded position. So you're arguing that there was, so there ought to be have been sort of a presumption that she would have taken it and then he would have to come forward with something to revoke that. Well, it's more likely than not, Your Honor, that an employee who is, who is given the decision that I could take a GS-12 position in, as a protocol specialist in the A wing, which is virtually the same as a GS-12 protocol specialist position in the B wing. So basically the same position, they're, they're apart by several miles. They're still located at Wright-Patterson Air Force Base, that the employee would choose to take that position to be better protected in the event of a reduction in force. If she took the position, she would no longer be a surplus employee. Correct? She no longer would have been a surplus employee. Yes. And, and further that. Didn't the board also say that she could have been directed to take the position? Did I read that correctly? Yes, Your Honor. She, she could have been. Was there evidence to that effect? There was, I, I am not certain who, who put on that evidence, but the board certainly found that if J.H. did not take the position, she may have been removed from federal service. But there had to have been somebody who explained that, right? Or there wouldn't have been a basis for the board to make that finding? If there was no explicit testimony, then, then the Air Force, yes, there, there wouldn't have been a basis for it unless there was some sort of testimony or, or other information. But looking at the, again, the, the record evidence discussing the surplus employees and the reasons behind it, the fact that a surplus employee could have been removed in the event of a reduction in force is, it's more likely than not that J.H. would have taken that position. But those are two different things. Whether they could be moved at a reduction in force is different than whether they would have been removed if they hadn't taken the position off. Yes, Your Honor. They, they are different things. But because, because substantial evidence shows both that competition would have been required and that Mr. Hayden would not have received the position in the event of competition, the Air Force met its burden and, and its decision should be affirmed. Thank you. Could you take just a moment to clarify the point that Judge Newman was raising, which is, I have an understanding about why you're here and how you got here. Can you elaborate? Certainly, Your Honor. You, you were certainly on the right track. The statute all allows the petitioner to appeal directly to this court after the initial decision of the ALJ becomes final after 60 days. As for the rationale to come directly to this court, it is because there is a lack of a quorum on the MSPB's board. So you're saying longstanding petitioners have always had the right to make, to opt, either to get the board to review it or to let the time pass, at which point, my understanding is the statute says the ALJ's opinion becomes the board opinion. That is correct, Your Honor. Now that's what happened here. It is probably true and you're suggesting, I'm not going to question that, that you have an added incentive given the lack of quorum in the board now. Every petitioner has an added incentive, has the choice to keep this case at the board and wait or to appeal the ALJ. Once it becomes final. Yes, Your Honor. And frankly, my client, after seven years, was looking for closure on this issue. To address a few other points, I think that the panel correctly sees on this issue that the evidence here, even taken at full face value, which you should not, amounts only to that Mr. Hayden may have had to compete and may have lost the resulting competition. And that's insufficient. The could is insufficient to show the burden that he would not have received the position and would have had to compete for it. Well, on one theory. The other, the alternative theory could be that the may means that it's the agency's discretion, right? So the agency has the authority to do that. And if the agency testifies that they would have under these and similar circumstances done it, why isn't that sufficient to make the could into a would? If there was any contemporaneous evidence that shows they were considering such an action, I might be willing to entertain that, but that's not the situation we have here. But aren't we necessarily in a hypothetical situation in any of these cases? No, Your Honor. And that's actually a point I wanted to address. For instance, in Dean v. Consumer Products, which is cited in the appellee's brief, there the individual did in fact show that there was discriminatory animus and then it shifted back. And although he was not successful, that was because he hadn't complied with the relevant application protocols. And that does show you the type of circumstances that can exist in these cases. Although the discrimination happened, it was part and parcel of an otherwise negative decision. And that is not what happened here. Here the discrimination occurred right at the outset. And in fact, the only evidence that we have was that Mr. Hayden's position upgrade was in fact being processed. They went to the next step in the procedure, which is can he complete this desk audit? At which point, when he was absent from military service, they canceled it. There's just no evidence. Is that the way the procedure? This is a neutral question. I just want to know if someone, if it was his supervisor that recommended him, right? Correct, Your Honor. Is there no final review of that outside of this audit that was canceled? It doesn't, don't other people of the food chain have to approve it or review it? Your Honor, I think that is what the Air Force would have you believe. But as a matter of course, these were granted and, and that is an important consideration. My question is, I mean, it's, it either is or isn't. Who signed off on these? Does the supervisor have final sign off on this or does it, whether you say this isn't the way it's done or they always wink and nod and just sign anything the supervisor puts in front of their face. That's not my question. My question is, is a matter of protocol. Is there subsequent review? There was additional review. In fact, that fact that it was canceled for lack of a desk audit is, is evidence that there was some process that should have been followed here. So we did. Okay. Thank you. One final remark. I've used it while you're rebuttal. Certainly, Your Honor. And I think that this is a key point and that the air force bears the burden to show that Mr. Hayden would have had to compete and would have not been successful. And to the extent that they've only established that he could have had to compete and that he may have not been successful. That's not sufficient to carry their burden in this case. Thank you. We thank both sides. And the case is submitted.